## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEREMY STEVENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-00710-JPG** |
| | ) | |
| **BOBBY NORWOOD and** | ) | |
| **MASSAC COUNTY SHERIFF'S** | ) | |
| **OFFICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**GILBERT, District Judge:**

Plaintiff Jeremy Stevens, a detainee at Massac County Jail ("Jail") in Metropolis, Illinois, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims that shortly after he was detained at the Jail, Deputy Bobby Norwood broke into his personal property box and stole the key to his storage unit. (*Id*. at 1-13). Deputy Norwood gave the key to Plaintiff's ex-wife, who was also the victim of the crime that resulted in his detention. (*Id*.). Plaintiff lost his truck, motorcycle, legal papers, and personal property. (*Id*.). He seeks criminal charges against Deputy Norwood and reimbursement for the value of his lost property from Deputy Norwood and Massac County Sheriff's Office. (*Id*. at 6).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint does not survive screening.  Plaintiff cannot use Section 1983 to criminally prosecute anyone.  In fact, a private citizen has no right to compel a criminal prosecution.  *See, e.g., Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) *cert. denied,* 136 S. Ct. 504 (2015) (citing *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 768 (2005); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.,* 548 F.3d 595, 597 (7th Cir. 2008)).  "It is a truism" that has long been recognized by federal courts "that in our federal system crimes are always prosecuted by the Federal Government," not by private complaints.  *See Dourlain v. Comm'r of Tax. and Fin.*, 133 F. App'x 765 (7th Cir. 2005) (quoting *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)).  *See also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (criminal statutes that do not provide for a private right of action are not enforceable through a civil action).  The Complaint is legally frivolous insofar as it attempts to initiate a criminal prosecution of Deputy Norwood.

Plaintiff also asserts a claim against Defendants for the loss of his personal property. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999).  To state a Fourteenth Amendment claim, Plaintiff must establish a deprivation of liberty or property without due process of law.  U.S. CONST. amend XIV.  However, if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock*, 193 F.3d at 513 ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property.").  Accordingly, this claim will be dismissed without prejudice to Plaintiff separately pursuing relief in the Illinois Court of Claims.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  This dismissal does not preclude Plaintiff from pursuing a claim for lost property in Illinois state court.

Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred when the action was filed, thus the filing fee of $350.00 remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 10/28/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

3